# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL L. STANLEY, # 07556000 | * | |
| Petitioner | * | |
| v | * | Civil Action No. RWT-09-2848 |
| | * | |
| J.D. WHITEHEAD, et al. | * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM OPINION

Petitioner Michael L. Stanley, an inmate confined at the Federal Correctional Institution in Cumberland, Maryland, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Stanley claims that he has been denied "meaningful" consideration for the full allowable period of residential reentry center or halfway house placement under the Second Chance Act of 2007, codified at 18 U.S.C. §3624(c). For reasons that follow, the Court will grant Stanley twenty-eight days to supplement the Complaint to state whether he has exhausted his administrative remedies.

Federal prisoners are required to exhaust administrative remedies provided by the Bureau of Prisons ("BOP") before filing an action pursuant to § 2241. See Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir.1999). The Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under 1983 of this title, or any other federal law by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e).

The Supreme Court in Porter v. Nussle, 534 U.S. 516 (2002) described the rationale

for exhaustion as follows:

> Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy. [citations omitted].

*Id.* at 525 (internal citations omitted). In this circuit, these principles have been applied to petitions for writ of habeas corpus. See e.g. Asare v. U.S. Parole Commission, 2 F. 3d 540, 544 (4th Cir. 1993); Pelissero, 170 F.3d at 445.

The BOP Administrative Remedy Program is a multi-tiered process available to inmates for resolving concerns related to their confinement. See 28 C.F.R. § 542.10 *et seq.* An inmate must first attempt informal resolution. See C.F.R. § 542.13. If unable to resolve the concern informally, the inmate may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based. See 28 C.F.R. § 542.14. If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of the Warden's response. See 28 C.F.R.§ 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, DC, using the appropriate forms. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. *See id.* An

inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels.  *See* 28 C.F.R. §542.15(a).

The Petition is silent as to whether Stanley has exhausted his administrative remedies. Accordingly, the Court will grant Stanley twenty-eight days to explain his efforts to exhaust his administrative remedies.  He is directed to specify when he received answers to his ARP requests and the results.  Failure to timely provide this information may result in dismissal of the Petition without prejudice or further notice.  A separate Order shall be issued consistent with this Memorandum Opinion.

November 12, 2009

                                             /s/
                                    ROGER W. TITUS
                              UNITED STATES DISTRICT JUDGE