# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL L. STANLEY, #07556000, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. RWT-09-2848 |
| J.D. WHITEHEAD, Warden, | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

Pending is Michael L. Stanley's ("Stanley") *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, as amended, to which counsel for Respondent[1] has filed a Motion to Dismiss as Moot.[2] This matter can be adjudicated without a hearing. See Local Rule 105.6 (D. Md. 2009). For reasons to follow, the Petition shall be DISMISSED.

## BACKGROUND

On October 28, 2009, Stanley, then an inmate at the Federal Correctional Institution – Cumberland ("FCI Cumberland"), petitioned for habeas corpus relief under 28 U.S.C. § 2241, claiming that he was denied "meaningful consideration" under the Second Chance Act of 2007 to serve his remaining prison term in a residential reentry center ("RRC"). As relief, Stanley requested placement in a RRC. Petition at 21. In a supplement to the Petition, Stanley requested immediate placement in home confinement pursuant to 18 U.S.C. § 3624(c)(2) because he had been placed in an RRC but had "already been irreparably injured from consideration for the full allowable period of RRC placement." Paper No. 4, Petitioner's Supplement at 21. Additionally, Stanley asks the court to order the Bureau of Prisons "to promulgate regulations for the Second

---

[1] An inmate's legal custodian is the proper respondent in a federal habeas corpus proceeding. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 495 (1973). J.D. Whitehead is no longer Warden at FCI Cumberland. Joe Coakley is serving as Acting Warden and is the proper party respondent. See Fed. R. Civ. P. 25(d)(1).

[2] Petitioner was twice sent correspondence informing him that Respondent had filed a dispositive pleading and granting him time to reply. Petitioner has not provided his address to the Court and both letters were returned to the Court as undeliverable.

Chance Act . . . that reflect the intent of Congress with the pass of the legislation." Petition at 21.

Counsel for Respondent requests dismissal of the Petition as moot because since February 18, 2010, Stanley has been designated to Hope Village, a RRC in Washington, D.C.

## ANALYSIS

The Second Chance Act of 2007 permits eligible inmates to spend some portion of the final twelve months of their sentence in a community correctional facility, also known as a halfway house or residential reentry center. The statute does not guarantee a one-year RRC placement, but only directs the Bureau of Prisons to consider placing an inmate in a RRC for up to the final twelve months of sentence. See Demis v. Sniezek, 558 F.3d 508, 514 (6th Cir. 2009). The statute provides in relevant part:

> (1) In general. The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority. The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

18 U.S.C. § 3624(c).

In calculating the appropriate length and place of pre-release custody, the BOP is required to determine placement "on an individual basis" and "in a manner consistent with [18 U.S.C. § 3621(b)]," which sets forth five factors that the BOP must consider in determining a prisoner's place of imprisonment. These factors include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics

of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. See 18 U.S.C. § 3621(b). Documentation filed by Stanley indicates that the Unit Team considered the factors in 18 U.S.C. § 3621(b). Specifically, when assessing Stanley's need for drug treatment, employment training, and reestablishing community ties against his prior escape from a RRC, the Unit Team indicated a 150-180 day placement was adequate to secure employment and a viable residence while following transitional services. Paper No. 5, Ex. 6 (Attachment F-1) Response to Inmate Request.

Federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Nakell v. Attorney Gen. of N.C., 15 F.3d 319, 322 (4th Cir. 1994).

Stanley has already received the relief he seeks by his placement at a RRC. To the extent Stanley seeks immediate assignment to home confinement because he "has already been irreparably injured" due to his placement in an RRC for less than the full twelve months allowed, he provides no facts to support his bald assertion of injury. Moreover, he fails to allege how home confinement would redress the claimed "irreparable harm."

Insofar as Stanley might request mandamus relief ordering the BOP to place him on home confinement, his request lacks legal and factual merit. District courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. See 28 U.S.C.A. § 1361. Mandamus is a drastic remedy used only in extraordinary circumstances. See In re

Beard, 811 F.2d 818, 826 (4th Cir. 1987). A party seeking mandamus relief must show: (1) a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances. See In re Braxton, 258 F.3d 250, 261 (4th Cir. 2001). Stanley does not have a clear and indisputable right to home confinement because the statute is clear: the decision to place an inmate on home confinement is within the discretion of the BOP. See 18 U.S.C. § 3624(c). Only ministerial duties may be compelled by writ of mandamus. See Estate of Michael by Michael v. Lullo, 173 F.3d 503, 513 (4th Cir. 1999) (citing First Federal Savings & Loan Ass'n v. Baker, 860 F.2d 135, 138 (4th Cir. 1988)). Lastly, Stanley provides no grounds for this Court to order the BOP to amend its regulations executing the Second Chance Act other than his dissatisfaction with his own RRC placement. His request for relief on this basis shall be denied.

## CONCLUSION

Stanley has already received RRC assignment. There are no grounds to order his designation to home detention or direct the BOP to amend its regulations implementing the Second Chance Act. Accordingly, the Petition shall be dismissed. A separate Order follows.


Date: <u>May 19, 2010</u>                            <u>/s/</u>
                                   ROGER W. TITUS
                                   UNITED STATES DISTRICT JUDGE

4